**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GRACE ALBANESE, | ) | Case No. 2:17-cv-01807-JCM-GWF |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on June 30, 2017.

## I.     IN FORMA PAUPERIS APPLICATION

Plaintiff is proceeding in this action *pro se*, which means that she is not represented by an attorney.  *See* LSR 2-1.  She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint.  Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court.  The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees.  *See* 28 U.S.C. § 1915(a)(1); LSR 1-1.  However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases).  A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."

1   *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank*

2   *& Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).   A complaint that "merely repeats pending or

3   previously litigated claims" is frivolous.   *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2

4   (9th Cir. 1995) (citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992); *Martinez*

5   *v. Bureau of Immigration & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009).

6        Since March 2016, Ms. Albanese has filed 45 federal cases in the District of Nevada, 10 of

7   which are pending before the undersigned magistrate judge.[1]   In all, she has sued the Las Vegas

8   Metropolitan Police Department ("LVMPD") 30 times in just over a year.   Most of Ms. Albanese's

9   actions assert the same or very similar allegations: various persons stalk or spy on Ms. Albanese in

10   her bedroom and when she travels around Las Vegas, sometimes using listening devices or hacking

11   into her phone, but federal and state law enforcement officers ignore her requests for help and refuse

12   to investigate or arrest the wrongdoers.   She asserts similar legal claims in all her cases pursuant to

13

14        [1] See *Albanese v. Fed. Bureau of Investigations*, 2:16–cv–00529–KJD–NJK; *Albanese v. Transp. Security Admin.*, 2:16–cv–00530–GMN–CWH; *Albanese v. Homeland Security*, 2:16–cv–00531–RFB–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:16–cv–00532–RFB–GWF; *Albanese v. Regional Transp. Comm'n of So. Nev.*, 2:16–cv–01882–APG–PAL; *Albanese v. Las Vegas Metro Police Dep't*, 2:17–cv–00577–GMN–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01087–GMN–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01284–MMD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01285–JCM–VCF, appeal docketed, No. 17–16127 (9th Cir. May 31, 2017); *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01286–JAD–PAL; *Albanese v. Dep't of Homeland Security*, 2:17–cv–01287–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01520–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01544–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01573–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01574–RFB–PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01599–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01600–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01613-APG-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01614–JAD–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01633–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01634–RFB–CWH; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01635–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01640–MMD–VCF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01641–JAD–GWF; *Albanese v. Homeland Security*, 2:17–cv–01642–RFB–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01662–JAD–NJK; *Albanese v. Homeland Security*, 2:17–cv–01663–JCM–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01664–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01735–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01780–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01782–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01795–JAD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01807–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01808–APG–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01832–KJD–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01852–JCM–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01871–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01872–RFB–VCF; *Albanese v. Homeland Security*, 2:17–cv–01874–RFB–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01896–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01903–MMD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01904–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01972–JAD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01973–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01974–JAD–PAL.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction
2  of justice, defamation, public corruption, and conspiracy.

3      Upon the recommendation made by Magistrate Judge Ferenbach, District Judge Dorsey has
4  declared Ms. Albanese a vexatious litigant. *See Albanese v. Fed. Bureau of Investigations*,
5  2:17–cv–01599–JAD–VCF, July 27, 2017 Order (ECF No. 7). Therefore, Ms. Albanese is no
6  longer allowed to file a new complaint, petition, or other action in this court without first obtaining
7  leave from the Chief Judge of this court. *See id.*

8      Having reviewed her complaint in this case, the Court finds that her claims are frivolous and
9  duplicative and will recommend denial of her IFP application and dismissal of the complaint.

10  **II.    SCREENING THE COMPLAINT**

11  **A.    Legal Standard**

12      Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive
13  pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all
14  in forma pauperis complaints"). Allegations in a pro se complaint are held to less stringent
15  standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);
16  *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, pro se litigants "should not be
17  treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362,
18  1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other
19  litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

20      Federal courts are required to dismiss an IFP action if the complaint fails to state a claim
21  upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from
22  a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be
23  characterized as malicious "when it is 'filed with the intention or desire to harm another'." *Knapp*
24  *v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th
25  Cir. 2005)). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in
26  law and fact. *Denton*, 504 U.S. at 32; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
27  Frivolous claims include those based on legal conclusions that are untenable (e.g., claims against
28  defendants who are immune from suit or claims of infringement of a legal interest that clearly does

not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Andrews*, 398 F.3d at 1121.  In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.  A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2 (citation omitted); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), overruled in part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious).

### B.   Ms. Albanese's Duplicative Factual Allegations and Claims for Relief

The Court finds that the complaint in this case is frivolous because it merely repeats claims pending in other cases.  Here, Albanese is suing LVMPD under 42 U.S.C. § 1983 for, among other things, violating her civil rights by denying her equal protection right, obstructing justice and engaging in a conspiracy because the police knew she was being stalked but would not take action:

> June 29 I was stalked by the same black male who always stalks me. At 5:18 pm he is at Paradise/Desert Inn.  At 5:24 pm he is at Convention Center.  Conspiracy by the Las Vegas Police Department in allowing this man to repeatedly stalk me is a violation of my rights of equal protection under the laws.  AS well as that the police are obstructing justice by not arresting this man.  Conspiracy exists in the Las Vegas Police Department by allowing this man to stalk me everyday, 2 times daily.  Once in the morning and again in the evening.

Complaint (ECF No. 1-1)

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-00577-GMN-PAL, she alleged that LVMPD and its employees violated her equal protection and due process rights and obstructed justice by failing to respond to her call for help and refusing to take her voluntary

4

1   statement that a neighbor was stalking her. *Id.*, Amended Complaint (ECF No. 15). Albanese

2   alleged she called LVMPD to report that her neighbor was stalking her. A police sergeant told Ms.

3   Albanese she was not stalked and he would not respond or allow other LVMPD officers to respond.

4   She further alleged that an LVMPD employee refused to allow Ms. Albanese to document a crime

5   of stalking by making a voluntary statement. The court expressly found that these allegations failed

6   to state actionable claims. *Id.*, June 30, 2017 Report and Recommendation (ECF No. 68).

7       In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01574-RFB-PAL, she

8   alleges that LVMPD violated her equal protection right and obstructed justice because an operator

9   refused to dispatch an officer to investigate individuals who were stalking and spying on her:

10          [W]hen she asked me why I was whispering and I told her because my
            neighbors are spying/observing me. ... Operators Collins 14128 was
11          obstructing justice because she did not understand that I have to
            whisper when I call 311 and report laundry room vagrants. So she
12          refused to allow officers to investigator until they talked to me about
            my mental state.
13

14  *Id.*, Complaint (ECF No. 1-1).

15      In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01904-JCM-PAL, she

16  alleges violations of her equal protection and due process rights, public corruption, obstruction of

17  justice, and a police conspiracy because the police are allowing a man to stalk her:

18          So I'd like to sue the LVMPD for not stopping stalking from taking
            place when they know it's happening to me. ... That repeat stalker
19          knows I'm going to call the cops so he keeps stalking me. The police
            allow him to stalk me. The police defend criminal behavior and say
20          they are going to talk to people harassing me and so they forget and
            leave in their vehicles. So I keep returning to the Federal Building.
21          So it's like a vicious circle. I keep being stalked (with police
            foreknowledge). I call the cops. The police keep defending Apts. 3
22          and 9 who harass me. I keep suing.

23  *Id.*, Complaint (ECF No. 1-1).

24      Here, the Court finds that Albanese's complaint is frivolous because it merely repeats

25  pending or previously litigated claims. These actions follow a distinct pattern, which Albanese

26  herself acknowledges. *Id.* Ms. Albanese believes that various individuals stalk or spy on her while

27  in her home or when she travels around Las Vegas. She then calls federal and local law

28  enforcement officers for help and they allegedly refuse to investigate or arrest her stalkers. She

5

asserts similar legal claims in most of her cases pursuant to 42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction of justice, defamation, public corruption, and conspiracy.  Therefore, because this action is duplicative and frivolous the Court will recommend dismissal.  Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **denied**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **dismissed**.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED this 10th day of January, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

6